

U.S. DISTRICT COURT
Southern District of Iowa
(Davenport)

RECEIVED
MAY 02 2022
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| MATT NASUTI, | Civil No. 3:22-cv-00025-RGE-SBJ |
| Plaintiff, | First Amended Complaint |
| vs. | |
| ADRIAN HOLM, JUDITH JOHNSON-MEKOTA, DENIS RICHARD MCDONOUGH, U.S. DEPARTMENT OF VETERANS AFFAIRS, MEDICAL ASSOCIATES CLINIC, P.C., and DOES 1-30, | |
| Defendants. | |

The Department of Veterans Affairs (VA) Medical Center in Iowa City, Iowa and its officers and agents are an on-going criminal enterprise. Aided and abetted by senior VA officials, the U.S. Department of Justice and the FBI, they have committed:

- Assault/Battery (Iowa Code Chapter 708, 18 U.S.C. §113)
- Document Fraud (Iowa Code §714.8(4), 18 U.S.C. §1001, §1035)
- Identity Theft (Iowa Code §715A.8, 18 U.S.C. §1028A(a)(1))
- Harassment (Iowa Code §708.7)
- Defamation
- Violations of the Administrative Procedure Act
- Mail/Wire Fraud (18 U.S.C. §1341)
- Conspiracy (18 U.S.C. 371)
- Violations of Civil Rights (18 U.S.C. §242)
- Intentional Infliction of Emotional Distress

FTCA claims will be added to this Domestic Terrorism Complaint when the 6-month waiting period expires.

1

## Statement of Jurisdiction

1. This Court has original, Federal Question and/or supplemental jurisdiction over the causes of action between the parties and their agents arising from the same four-month time-period in the Eastern Iowa geographical area.

2. Plaintiff is an Iowa resident currently residing in the city of Dubuque.

3. The U.S. Department of Veterans Affairs (VA) is an agency of the U.S. Government

4. Defendant Medical Associates Clinic, P.C. is believed to be an Iowa corporation with headquarters in Dubuque, Iowa. It is a subcontractor to and agent of the VA. As discovery commences, additional claims are expected to emerge against this Defendant.

5. Defendants Johnson-Mekota and Holm are believed to be residents of Iowa City, Iowa.

- Defendant Johnson-Mekota presides over the VA system in Iowa City and Eastern Iowa, and all its scandals, and has done so since at least 2015. She has misused her authority in order to conceal abuse and offenses, and thus was an accessory after the fact in one or more criminal offenses.

- She has a history of misconduct against victims and whistleblowers.

- She twice refused to meet with Plaintiff and refused to respond to his two letters.

- She orchestrated a vile and cruel campaign against him, ultimately resulting in the issuance of a terrorizing letter to him in March 2022.

6. Defendant McDonough is the Secretary of the U.S. Department of Veterans Affairs and is believed to reside in Washington, D.C. He presides over this mess.

Defendant McDonough has had a long and troubling association with the VA. He served as Obama's Chief of Staff from 2013-2017, during the period when many of the VA's worst scandals developed and were concealed by the Administration.

In a May 18, 2014 interview with CBS news' Major Garret, he proclaimed that Obama was "madder than hell" over the scandals (but Obama never fired a single person – so the hell part seemed a bit dubious).

McDonough promised accountability within VA, but declined to explain why there was no accountability.

He refused to criticize the VA Secretary, who would resign in disgrace 16 days later. McDonough denied that VA abuse problems were "systemic," even though such were well-known.

On April 14, 2021, Defendant McDonough (now VA Secretary) held a press conference in Helena, Montana and vowed "zero tolerance" for assaults and violence. He stated that such was a signature issue for him. He stated that patients "must feel safe in a workplace free of harassment" (apparently not including Plaintiff). He vowed to never "commit, excuse or stay silent" about such behavior. [note: it is quite odd that he included "commit"] Despite this, he has in-fact remained silent about the abuse of Plaintiff by his employees, which was compounded by Plaintiff's abuse at the hands of his secret courts. Plaintiff continues to sit and wait for the Secretary to protect him.

7.  Does 1-30 are believed to include 28 members of a secret VA committee in Iowa City which issued an *ultra vires* threatening and defamatory letter to Plaintiff. VA refuses to disclose their names, along with several other suspected Executive Branch Defendants.

3

## Statement of Facts

This Complaint incorporates as its facts, the concurrently filed Nasuti declaration.

### COUNT ONE
### ASSAULT/BATTERY
### Defendants Holm and VA
### Iowa Code Chapter 708, 18 U.S.C. §113, Common Law

8.  Plaintiff adopts all the above facts/allegations as though fully set forth herein.

9.  On 12/21/21, Defendant Holm, as agent for the VA, misrepresented that he would be performing Plaintiff's surgery at the Iowa City VA Medical Center, and then (bate & switch) he substituted a student/trainee apparently named Mohammad Ansari. Defendant falsified the VA consent form illegally adding Plaintiff's signature to an "informed consent" form that Plaintiff had never seen or was told about. Defendant also falsified the form with his signature falsely certifying that he had advised Plaintiff as to the form and its contents and as to the trainee. Defendant also stole Plaintiff's identify by illegally affixing Plaintiff's generic signature to a form he never saw or was advised about. Plaintiff who did not consent to the medical procedure performed by Ansari, suffered post-surgery complications at the hands of the trainee, along with pain & suffering, anguish & torment.

10. This assault/battery also violated 38 C.F.R. §17.32. The document fraud violates Iowa Code §714.8(4), 18 U.S.C. 18 U.S.C. §1001 and §1035, and the identity theft violates Iowa Code §715A.8, 18 U.S.C. §1028A(a)(1). The Office of the U.S. Attorney, seeking to further conceal this assault and its representation of the perpetrator, falsely filed a cover sheet with this Court and did not list it as an "assault."

4

## COUNT TWO
## HARASSMENT
### Defendants VA, Johnson-Mekota and DOES
### Iowa Code §708.7 / Common Law

11.     Plaintiff adopts all the above allegations as though fully set forth herein.

12.     For months Defendants ignored Plaintiff's pleas about his assault/battery at the Iowa City facility and the poor quality of VA care he was receiving. In retaliation and in order to silence him, cover-up agency civil and criminal misconduct and further injure Plaintiff, did in March 2022 publish and mail to him an anonymous menacing and threatening letter on VA Iowa City stationary, accusing him of unspecified criminal, violent and other acts and apparently finding him guilty of such acts by a secret Star Chamber court. This legally and constitutionally abhorrent process continued with threats of more sanctions, by the same secret proceedings. Defendants have to-date refused to release any information to Plaintiff about his accusers, their secret allegations or his secret trial.

13.     This cruel and malicious intimidation and terrorizing, constructively cut Plaintiff off from further needed medical care and constitutes harassment under Iowa common law and statute.

## COUNT THREE
## DEFAMATION
### Defendant VA, Johnson-Mekota and DOES
### Iowa Code Chapter 659, Iowa Common Law

14.     Plaintiff adopts all the above facts/allegations as though fully set forth herein.

15.     Defendant(s) intentionally and negligently published or cause to be published to one or more persons in or about March 2022, and mailed to Plaintiff in Dubuque, Iowa, an anonymous letter on VA stationary that falsely accused Plaintiff of vague illegal, violent

5

and/or disruptive acts, criminal conduct and behavior, and threatened even more severe sanctions if there was a strike two found against him. This was *per se* defamatory and caused him significant injury, including the fact that it generated such fear and uncertainty, that it led to a loss of medical care. The letter was intended to injure Plaintiff's rights, his care and was a tool being criminally misused to silence a critic of the VA and Defendants, and curtail/shut down his complaints about his assault by a VA physician and the shoddy medical care he was receiving.

## COUNT FOUR
## BREACH OF CONTRACT
### Defendants VA, Johnson-Mekota, Medical Associates and DOES

16.    Plaintiff adopts all the above facts/allegations as though fully set forth herein.

17.    During the period January to present, and continuing, Defendants breached their statutory obligations/contracts/provider agreements, and/or fiduciary duties to and with Plaintiff, and/or materially interfered with the same. These included Plaintiff\s statutory rights to VA care (38 U.S.C. Chapter 17, his regulatory/patient rights (38 C.F.R. §17.33(a)), his Iowa Code rights IAC Chapter 51.6, including a patient's right to "access to treatment" "information regarding the patient's medical condition." and right to "individual dignity." 481.51.6.

18.    During 2022, Defendants committed numerous breaches of contract. The known acts include refusing to treat Plaintiff and repeatedly refusing to answer patient questions about his injuries and their seriousness, proposed x-rays and others (for reasons completely unknown), which necessarily halted Plaintiff's treatment;

6

19. Defendants instilled stress and fear into Plaintiff about his dignity, personal safety, reputation, and chances of ever recovering (for reasons completely unknown). All of the above exacerbated Plaintiff's injuries and/or caused new injuries and damage because timely and appropriate PT, if not undertaken, has the potential for permanent damage and/or loss of use/reduction in use of extremities, which is what is happening.

20. Defendants terrorizing actions were malicious, callous and calculated to injure. It displayed no regard for Plaintiff's health, safety or recovery.

## COUNT FIVE
## MALPRACTICE
### Defendant Medical Associates

21. Plaintiff adopts all the above facts/allegations as though fully set forth herein.

22. During the period March 2022 to present, Defendant committed numerous acts of malpractice. The known acts include:

a. Treating Plaintiff without reviewing his medical history and medical files;

b. Repeatedly refusing to answer Plaintiff's questions about his injuries and their seriousness (for reasons completely unknown), which necessarily halted Plaintiff's treatment;

c. Refusing to ascertain (for reasons completely unknown), the extent of Plaintiff's injuries;

d. Refusing to treat Plaintiff, order imaging that could establish the extent of Plaintiff's injuries (for reasons completely unknown);

e. Ordering physical therapy (PT) for Plaintiff that had the potential to re-injure him.

f.      Instilling stress and fear into Plaintiff about his chances of ever recovering (for reasons completely unknown).  Defendant condemned Plaintiff to suffer permanent crippling injuries that otherwise might have been less severe.  All of the above exacerbated Plaintiff's injuries and/or caused new injuries and damage because timely and appropriate PT, if not undertaken, has the potential for permanent damage and/or loss of use/reduction in use of extremities, which is what is happening.

23.     Plaintiff pleaded with Defendant for help, even writing to its CEO Zachery Keeling, who just ignored the letter.  Defendant's actions were malicious, callous, calculated to injure and did injure.  Defendant displayed no regard for Plaintiff's health, safety or recovery.

## COUNT SIX
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### Defendants VA, Judith Johnson-Mekota and DOES

24.     Plaintiff adopts all the above facts/allegations as though fully set forth herein.

25.     Defendants, in March 2022, did publish and mail to him an anonymous menacing and threatening letter on VA Iowa City stationary, accusing him of unspecified violent and/or criminal acts and apparently finding him guilty of such acts by a secret court.   21.

Defendants' letter and contents constituted a final adjudicative agency decision, with no administrative appeals.  It threatened and targeted Plaintiff; had a chilling impact on his rights, compelling him to avoid the VA for fear of further criminal prosecution/adjudication, thus losing his statutory rights to medical care.  This damaged his rights and interests.  It was issued under color of law but was actually without legal authority (*ultra vires*), contrary to the Due Process Clause of the Fifth Amendment and the

First Amendment, HIPPA and the Privacy Act. It was unwarranted, and/or was unsupported by substantial evidence and/or arbitrary and capricious.

26. The letter and agency actions violated numerous provisions of the Administrative Procedures Act (APA) [5 U.S.C. §701 et seq.] as set out in Plaintiff's concurrently-filed Application for a Preliminary Injunction, which is incorporated by reference].

27. Defendants were able to issue their letter due to the vague and illegal drafting of 38 C.F.R. §17.107, which reads as if it specifically intends illegal abuses to occur.

28. Pursuant to the APA, including Section 706,, the court should hold the agency's actions unlawful and set them aside, along with the underlying agency regulation ((38 C.F.R. §17.107) which Defendants used as cover (color of law) for their misconduct.

29. Plaintiff seeks damages and remedies as set out in the Prayer.

## COUNT SEVEN
## CIVIL CONSPIRACY
### Defendants McDonough, Johnson-Mekota and DOE Defendants

30. Plaintiff adopts all the above facts/allegations as though fully set forth herein.

31. 38 C.F.R. §17.107 was seemingly promulgated with the intent to violate patient rights and the U.S. Constitution. It has been permitted to function for the same reasons. It is apparently deemed a useful tool against VA agency critics and victims.

32. Defendants have conspired to orchestrate, permit, authorize, direct, use and/or acquiesce/condone in the misuse of these processes to injure Plaintiff and others. They acted directly and through their agents. The regulation is patently and facially unconstitutional. It is used offensively by Defendants to harass and thereby to suppress public criticism and conceal misconduct. The best evidence for the conspiracy is that

9

months after revealing the abuses, the abuses continue with no punishments or remedial actions. There are no checks and balances on legal and criminal abuses. The reason is that all the abuses have the stamp of approval (either before or after the fact or both) of Defendants.

33. Concurrent and supportive of this conspiracy are other specific acts of the Defendants to conceal their schemes and in furtherance of its schemes. Disturbingly, no law or rule of protection or check/balance has been allowed by Defendants to function within the VA:

a. The Patient Advocate function is for all intents and purposes – nonexistent. It is used to delay and lull victims into believing there is a review process. It was used in this case to delay care, mislead the victims and cover-up VA misconduct.

b. The OIG barely functions and is not responsive to the public.

c. HIPPA is supposed to apply, but (for example) Plaintiff repeatedly sought some of his medical records, including the alleged abusive X-Ray order of Dr. Putman, and everyone involved within the VA has denied those to him. HIPPA: 42 U.S.C. § 1320d, 45 C.F.R. §164.524 and Iowa law simply do not exist to these Defendants.

d. Plaintiff sought to correct his fraudulent medical records and Defendants ensured that the process failed.

e. FOIA: 5 U.S.C. §552 et seq. is supposed to apply, but as detailed above, Defendants misused it and ignored it, as it does not exist to them. Defendant(s), using Kelly L. Lebsack as their agent, on or about April 7, 2022, wired/e-mailed to Plaintiff in Dubuque a demand for $4,346.01 for services that were not needed, that were exaggerated in cost, that they

10

did not intend to perform and/or for which they never intended to deliver the materials paid for. This was an intentional attempt to extort and/or steal funds from Plaintiff. Such conduct violated 18 U.S.C. §1341, which the Justice Department and the FBI have ignored due to politics. Defendants had notice of a long string of criminal acts by VA officials and they covered up every one. These criminal acts and others to be discovered were carried out with the intent to harm Plaintiff, and the Defendants succeeded. The U.S. Department of Justice is a co-conspirator.

## COUNT EIGHT
### VIOLATION OF CIVIL RIGHTS ("Passman" Action / 18 U.S.C. §242)
Defendants Johnson-Mekota, McDonough, and DOE Defendants

34.  Plaintiff adopts all the above facts/allegations as though fully set forth herein.

35.  Pursuant to Davis v. Passman, 442 U.S. 228 (1979), and as codified under 18 U.S.C. §242, Defendants, acting under color of law, violated and/or intentionally violated the First Amendment and the Fifth Amendment rights of Plaintiff, along with his Federal and Iowa patient rights, by permitting, authorizing, convening and/or condoning the creation of secret courts within the VA, one of which was used to injure Plaintiff. These extra-legal courts function without any due process.

36.  Defendants' actions violated 18 U.S.C. §242, but the Justice Department is a willing accomplice as it is protecting the Defendants, so there will be no criminal prosecution.

37.  Plaintiff has no effective means other than the judiciary to vindicate his defamation and deprivation of rights and he is the appropriate party to seek this declaratory, equitable, injunctive and monetary relief. Defendants' actions were so obviously constitutionally invalid, that this can hardly even be called a "dispute."

## COUNT NINE
## NEGLIGENT/INTENTIONAL INFLICTION OF EMPTIONAL DISTRESS
## [All Defendants]

38.  Plaintiff adopts all the above facts/allegations as though fully set forth herein.

39.  Defendants' negligent and intentional actions, as detailed above, have caused physical, constitutional and emotional injuries, anguish, pain and stress to Plaintiff, which unfortunately was the intent. Defendants' actions were clearly malicious as they intended to injure him in multiple ways beginning in January 2021 and continuing until today and into the future. The intent was not simply transitory injury, but permanent damage. Defendants' actions violated public policy and a near-endless list of Federal/Iowa laws, rules, ethical practices, standards and norms of decency. Perhaps worst of all, the entire U.S. Government seems supportive of this abuse as it refused to punish the criminal involved, rectify the problems or compensate the victims. The Biden Administration's sole goal seems to be to bury this scandal; a common U.S. Government practice for which the Court should take judicial notice.

## COUNT TEN
## DECLARATORY RELIEF ACT – All Defendants
## 28 U.S.C. §2201, Rule 57

40.  Plaintiff adopts all the above facts/allegations as though fully set forth herein.

41.  Pursuant to the Declaratory Relief Act, Plaintiff seeks findings as to the rights and issues in dispute in this case, in order to identify and remedy abusive and illegal conduct by Defendants, some of which continues and which harms the public. There are numerous disputes between the parties, as detailed above, regarding the lack of care that Plaintiff

12

and others have received, along with a long list of criminal, civil and ethical misconduct by Defendants, which is detailed in this Complaint.

42.  Some of the issues demanding declaratory relief are known, but others remain concealed by the U.S. Government and hopefully will be revealed by Court order.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

1.  Nominal and Compensatory Damages according to proof and law;

2.  Punitive Damages;

3.  Declaratory Relief in conformance with proof presented at trial, and crafted to remedy all misconduct revealed in this case;

4.  Mandatory and Injunction crafted to remedy all civil, ethical and criminal conduct of the Defendants;

5.  All other such legal and equitable relief that the Court is empowered to grant; and

6.  Costs and interest.

Respectfully submitted,

April 27, 2022             By:   *[signature]*

Matt (Maddy) Nasuti
Plaintiff, *Pro Se (Pauper per Iowa District Court Order)*
2410 Broadway Street
 Apt. A
Dubuque, IA  52001
(413) 772-9802 (no voicemail)
*mattnasuti@hotmail.com*

Note:  Plaintiff does not have Internet access in his apartment, so he cannot be an e-filer.

13