IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| MATT NASUTI,<br><br>  Plaintiff,<br><br>v.<br><br>ADRIAN HOLM, JUDITH JOHNSON MEKOTA, DENIS RICHARD MCDONOUGH, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, MEDICAL ASSOCIATES CLINIC, PC, and DOES 1–30,<br><br>  Defendants. | No. 3:22-cv-00025-RGE-SBJ<br><br>**INITIAL REVIEW ORDER AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

**I.   INTRODUCTION**

Plaintiff Matt Nasuti sues Defendants Adrian Holm and Judith Johnson-Mekota—employees of the Iowa City VA Health Care System—Department of Veterans Affairs Secretary Denis Richard McDonough, the United States Department of Veterans Affairs, Medical Associates Clinic, P.C., and Does 1–30 for a variety of claims under federal and Iowa law. Defendants Holm, Johnson-Mekota, McDonough, and the VA ("the VA Defendants") move to dismiss all claims against them.1 For the reasons set forth below, the Court grants the VA Defendants' motion.

**II.   BACKGROUND**

The Court accepts the facts alleged in the complaint as true for the purpose of considering

---

[1] The Court notes the United States of America moved to substitute itself for Defendant Adrian Holm. Mot. Substitute Party, ECF No. 6. The United States includes itself as a party seeking dismissal of this suit. Defs.' Mot. Dismiss, ECF No. 27. The Court also notes it is unclear whether the United States purports to move on behalf of Defendants Does 1–30. The brief supporting the VA Defendants' motion to dismiss states the motion is brought on behalf of "all Defendants, excluding Medical Associates Clinic, P.C.," but Does 1–30 are omitted from the list of parties later listed as moving to dismiss. *Compare* Defs.' Br. Supp. Mot. Dismiss 1, ECF No. 30 *with id.* at 3. As such, the Court also conducts an initial review of Nasuti's claims against Does 1–30.

the VA Defendants' motion to dismiss. *See Brown v. Medtronic, Inc.*, 628 F.3d 451, 461 (8th Cir. 2010).

Nasuti first filed this lawsuit against Holm as a small claims action in the Iowa District Court for Johnson County. Defs.' Ex. A Re: Removal 7–8, ECF 1-1. Nasuti sought $6,500 in damages, alleging Holm falsified a consent to surgery form and fraudulently allowed a "student/trainee" to perform surgery on Nasuti. *Id.* at 7. After the matter was removed to federal court, Nasuti amended his complaint, adding claims against Johnson-Mekota, McDonough, the VA, Medical Associates Clinic, P.C., and Does 1–30. Am. Compl., ECF No. 3. Nasuti sues Holm for "assault/battery" and "intentional/negligent infliction of emotional distress." *Id.* ¶¶ 8–10, 38–39. His other claims relate to a letter he received from the Iowa City VA Health Care System's Disruptive Behavioral Committee.2 *See* Nasuti Decl. 8–9, ECF No. 4-1; *see also* Pl.'s Exs. Supp. Mot. Prelim. Inj. 1, ECF No. 4-2. Nasuti characterizes this Committee as a "secret court[] within the VA" and alleges it violated various rights of his. ECF No. 3 ¶ 35.

Nasuti alleges he received a letter from the Committee shortly after he visited a VA outpatient clinic. Pl.'s Mot. Prelim. Inj. 2, ECF No. 4. The letter informed Nasuti that the Committee "was alerted about a disruptive situation that occurred at the [outpatient clinic] that you were a part of." ECF No. 4-2 at 1. The letter proceeded "to encourage [Nasuti] to be mindful of the need for a safe and respectful environment of care." *Id.* It noted: "in the future if this behavior

---

2 Among the various claims Nasuti brings against Defendants is a claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. *See* ECF No. 3 ¶¶ 40–42. The Court construes this as a request for relief because the Declaratory Judgment Act does not create an independent cause of action. *See e.g., Sieving v. Cont'l Cas. Co.*, 535 F. Supp. 3d 762, 775 (N.D. Ill. 2021) ("[R]equests for declaratory judgment . . . are not independent causes of action.") (internal quotation marks omitted); *accord Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007) ("§ 2201 does not create an independent cause of action"); *In re Joint E. and S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993) ("The Declaratory Judgment Act does not . . . provide an independent cause of action. Its operation is procedural only—to provide a form of relief previously unavailable."). Accordingly, Count X is dismissed without prejudice.

continues the [Committee] may place a behavior flag on your medical records." *Id.* (emphasis in original). Such a flag could restrict the time, place, or manner of medical care Nasuti receives from the VA. *See id.*; *see also* 38 C.F.R. § 17.107(b). Nasuti denies acting disruptively. *See* ECF No. 4 at 3. He alleges he was "constructively forced . . . out of the VA system" by this letter because he is now afraid to seek treatment from VA facilities. *Id.* at 4, 19.

Prior to the filing of the VA Defendants' motion to dismiss, Nasuti requested a preliminary injunction to enjoin the VA's "Secret 'Star Chamber' Courts." ECF No. 4 at 1. The Court denied the motion for a preliminary injunction. Order Den. Pl.'s Mot. Prelim. Inj., ECF No. 45. Remaining at issue are Nasuti's motions for in-camera review, ECF No. 8, limited early discovery, ECF No. 13, sanctions, ECF No. 21, default judgment, ECF No. 24, and a criminal contempt hearing, ECF No. 39. The Court now denies these motions. Nasuti also filed a motion for leave to proceed in forma pauperis, ECF No. 32, which the Court grants. The VA Defendants' pending motion to substitute the United States for Defendant Holm, ECF No. 6, is denied as moot.

The Court declines to order oral argument on the VA Defendants' motion to dismiss. *See* Fed. R. Civ. P. 78(b); LR 7(c). Having considered the parties' briefing and applicable law, the Court grants the VA Defendants' motion to dismiss.

Additional facts are set forth below as necessary.

### III. LEGAL STANDARD

#### A. Initial Review Order Standard

Having granted Nasuti's motion to proceed in forma pauperis, the Court may review Nasuti's motion under 28 U.S.C. § 1915. Section 1915 requires the Court to dismiss a complaint filed in forma pauperis if it determines it is a) is frivolous or malicious, b) fails to state a claim upon which relief may be granted, or c) seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is "frivolous" if it "lacks an arguable basis either in law

3

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A pro se complaint must be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). The Court must weigh all factual allegations in the light most favorable to the plaintiff unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (determining what is "clearly baseless" is left to discretion of court ruling on in forma pauperis petition). Although Federal Rule of Civil Procedure 8(a)(2) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

B. **Motion to Dismiss Standard**

The Court considers the VA Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(1), and (12)(b)(6). Defs.' Mot. Dismiss, ECF No. 27. The VA Defendants first argue Nasuti's amended complaint should be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Defs.' Br. Supp. Mot. Dismiss 4–6, ECF No. 30. Alternatively, the VA Defendants ask the Court to dismiss Counts I, II, III, VII, VIII, and IX for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Id.* at 6–8. Finally, the VA Defendants argue all claims against them in Nasuti's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *Id.* at 8–23. The Court concludes dismissal of Nasuti's claims against the VA Defendants is warranted. Of course, without proper service a court lacks jurisdiction over a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Whether or not service has been effectuated, the claims against the VA Defendants

fail due to lack of subject matter jurisdiction and failure to state a claim. The Court therefore declines to consider whether dismissal is also appropriate for lack of service and lack of personal jurisdiction.

        1.        **Rule 12(b)(1)—Lack of subject matter jurisdiction**

A motion to dismiss under Rule 12(b)(1) challenges a court's jurisdiction to hear the case. A party may bring a Rule 12(b)(1) motion as either a "factual attack" or a "facial attack." A "factual attack" asserts that facts outside the allegations in the complaint demonstrate the court lacks jurisdiction, while a "facial attack" asserts that the complaint itself shows the court cannot hear the case. *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 520–21 (8th Cir. 2007) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). Facial attacks are subject to the same legal standard for dismissal under Federal Rule of Civil Procedure 12(b)(6), as set forth below. *Id.* at 521; *GJL, Inc. v. United States*, 505 F. Supp. 3d 863, 870 (S.D. Iowa 2020) ("[I]n analyzing a facial attack to a court's jurisdiction, the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).") (internal quotation marks and citations omitted).

        2.        **Rule 12(b)(6)—Failure to state a claim**

A motion to dismiss under Rule 12(b)(6) challenges whether an opposing party's complaint sufficiently states a claim on which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *accord Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting

*Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). The Court must accept as true all factual allegations in the complaint, but not its legal conclusions. *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 555–56). "In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant." *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012).

A plausible claim for relief "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible, [else] their complaint must be dismissed." *Twombly*, 550 U.S. at 570. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**IV.     DISCUSSION**

Pursuant to 28 U.S.C. § 1915, the Court first analyzes Nasuti's claims against the parties not represented by the VA Defendants: Medical Associates and Does 1–30. Next, the Court considers whether subject matter jurisdiction exists for Nasuti's claims against the VA Defendants. Finally, the Court considers the sufficiency of the allegations against the named individual defendants for any remaining claims.

**A.     Initial Review Order**

**1.     Medical Associates**

Nasuti alleges one count of medical malpractice against Medical Associates in Count V. ECF No. 3 ¶¶ 21–23. Nasuti alleges Medical Associates is a "subcontractor to and agent of the

VA." *Id.* ¶ 4. To establish a prima facie case of medical malpractice under Iowa law, "the plaintiff must demonstrate the applicable standard of care, the violation of this standard of care, and a causal relationship between the violation and the harm allegedly suffered by the plaintiff." *Phillips v. Covenant Clinic*, 625 N.W. 2d 714, 718 (Iowa 2001) (citing *Kennis v. Mercy Hosp. Med. Ctr.*, 491 N.W.2d 161, 165 (Iowa 1992).

Nasuti sought treatment from the VA hospital in Iowa City for injuries to his hand and chest. ECF No. 4-1 at 3. He alleges VA hospital staff "took three x-rays" of his hand but did not conduct any "functionality or nerve damage tests." *Id.* at 3–4. Two months later, Nasuti alleges he received medical attention from Medical Associates for his ongoing hand injury. *Id.* at 6. Nasuti alleges Medical Associates employee Jason Schultz told him "everything the VA did was wrong" and "[t]here was colossal malpractice." *Id.* Nasuti alleges Schultz ordered x-rays of his hand and removed a splint from his finger. *Id.* Nasuti now alleges Medical Associates "committed numerous acts of malpractice," including treating him without viewing his medical history, refusing to answer questions about his injuries, prescribing treatment "that had the potential to re-injure him," and "instilling stress and fear" in him. ECF No. 3. ¶ 22.

Nasuti fails to state sufficient facts to plausibly allege a malpractice claim against Medical Associates. He does not allege Medical Associates violated any standard of care. He alleges he suffered permanent injuries to his hand because the VA—not Medical Associates—failed to properly diagnose his hand injury. Pl.'s Mot. Discretionary Appeal 3, ECF No. 31. Nasuti also fails to assert any facts to support the inference of a causal relationship between Medical Associates's violation of their standard of care and the injuries to his hand. Accordingly, the Court dismisses Count V against Medical Associates without prejudice for failure to state a claim.

  **2. Does 1–30**

Nasuti alleges Does 1–30 "include 28 members of a secret VA committee in Iowa City,"

which issued the letter encouraging Nasuti to be mindful of his behavior when visiting VA facilities. ECF No. 3 ¶ 7. Nasuti alleges the "VA refuses to disclose [the members'] names." *Id.* Nasuti alleges seven counts against the Does: harassment (Count II), defamation (Count III), breach of contract (Count IV), Administrative Procedure Act violations (Count VI), civil conspiracy (Count VII), civil rights violations (Count VIII), and "negligent/intentional" infliction of emotional distress (Count IX). *See* ECF 3 ¶¶ 11–20, 24–39. Nasuti does not make any specific allegations about any of Does 1–30. As stated above, Federal Rule of Civil Procedure 8(a)(2) does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Nasuti's allegations are too broad and conclusory to state any cognizable claims against Does 1–30. Accordingly, the Court dismisses Counts II, III, IV, VI, VII, VIII, and IX against Does 1–30 without prejudice.

    B.    **Lack of Subject Matter Jurisdiction**

        1.    **Tort claims against the VA (Counts I, II, III, and IX)**

The VA Defendants ask the Court to dismiss Counts I (assault/battery); II (harassment); III (defamation); and IX (negligent/intentional infliction of emotional dismiss) against the VA for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). All four counts are torts. ECF No. 30 at 6. As such, these claims are subject to the Federal Tort Claims Act. 28 U.S.C. § 2675. As a preliminary matter, "a federal agency cannot be sued under the Federal Tort Claims Act." *Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) (citing *FDIC v. Meyer*, 510 U.S. 471, 476–77 (1994)). The Court therefore lacks subject matter jurisdiction over Nasuti's tort claims against the VA. *Cf. Ziskovsky v. RSFM, Inc.*, No. 3:09-cv-0052-JAJ, 2009 WL 10665426, at *2 (S.D. Iowa June 11, 2009) (Jarvey, J).

Furthermore, the Federal Tort Claims Act requires Nasuti to first "present[] the claim to the appropriate Federal agency," which Nasuti does not allege he did. 28 U.S.C. § 2675(a);

8

*see generally* ECF No. 3. To properly present a claim, Nasuti must submit a filing to the VA that includes: "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing. . . ." 28 C.F.R. § 14.2(a). Strict compliance with the Federal Tort Claims Act's "presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court." *Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011). Because Nasuti failed to satisfy the Federal Tort Claims Act's presentment requirement, the Court lacks subject matter jurisdiction over his tort claims against the VA. Accordingly, the Court dismisses Counts I, II, III, and IX against the VA without prejudice for lack of subject matter jurisdiction.

    **C.    Failure to State a Claim**

        **1.    Assault/Battery against Holm (Count I)**

Nasuti alleges "assault/battery" by Holm in Count I. ECF No. 3 ¶¶ 8–10. To set forth a claim for assault, a plaintiff must show the defendant 1) performed an act intended to put another in fear of physical pain or injury; or 2) performed an act intended to put another in fear of physical contact which a reasonable person would deem insulting or offensive and the victim reasonably believed the act would be carried out immediately. *See* Iowa Code § 708.1.

Under Iowa law, "[a] medical battery claim is appropriate only in circumstances when a doctor performs an operation to which the patient has not consented." *Moser v. Stallings*, 387 N.W.2d 599, 601 (Iowa 1986). The elements of a battery claim "are met by showing the wrongdoer intended to inflict a harmful or offensive contact upon the body of the plaintiff." *Id.* at 601–02.

Nasuti alleges Holm "illegally add[ed] [his] signature to an 'informed consent' form." ECF No. 3 ¶ 9. Nasuti therefore alleges he "did not consent" to the colonoscopy procedure

performed by a "student/trainee," instead of Holm. *Id.*; *see also* ECF No. 4-1 at 1. Accepting these facts as true, as the Court must, Nasuti has not pleaded facts sufficient to support his claims for assault or medical battery against Holm. Nasuti's assault claim fails because he does not allege Holm performed any act intended to put him in fear of physical pain or injury, or offensive physical contact. Indeed, Nasuti pleads no facts regarding Holm's intent. His bare allegations are insufficient to raise a plausible inference of assault.

Nasuti's battery claim fails because he does not allege Holm performed any operation on him. Indeed, he alleges Holm "substituted a student/trainee" to perform his colonoscopy. ECF No. 3 ¶ 9. Furthermore, Nasuti alleges no facts to support the inference Holm "intended to inflict a harmful or offensive" contact upon Nasuti's body. As such, Nasuti fails to state a claim upon which relief can be granted. The Court thus dismisses Count I against Holm without prejudice.

### 2. Harassment against Johnson-Mekota (Count II)

Count II alleges harassment against Johnson-Mekota. ECF No. 3 ¶¶ 11–12. Under Iowa law, "[a] person commits harassment when, with the intent to intimidate, annoy, or alarm another person, the person . . . [c]ommunicates with another by . . . writing, or via electronic communication without legitimate purpose and in a manner likely to cause the other person annoyance or harm." Iowa Code § 708.7(1)(a)(1).

Nasuti argues the letter he received from the Committee warning him his medical care could be restricted in the future if he continued to behave disruptively at VA facilities "constitutes harassment." EFC No. 3 ¶ 13. However, it is clear from the contents of the letter that it was not sent "with the intent to intimidate, annoy, or alarm Nasuti." Iowa Code § 708.7(1)(a)(1). The letter was sent to inform Nasuti the Committee received a report "about a disruptive situation . . . that [he was] a part of" and "encourage [him] to be mindful of the need for a safe and respectful

environment of care." ECF No. 4-2 at 1.3 Therefore, the Court dismisses Count II against Johnson-Mekota with prejudice because amendment would be futile. *See Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 758 (8th Cir. 2021) (citing *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009)) ("It is well settled that a district court may dismiss a complaint with prejudice under Rule 12(b)(6) when amendment of a complaint would be futile.").

### 3. Defamation claim against Johnson-Mekota (Count III)

Count III alleges defamation against Johnson-Mekota. ECF No. 3 ¶¶ 14–15. Under Iowa law, a claim for defamation requires: "(1) publication, (2) of a defamatory statement, (3) which was false and (4) malicious, (5) made of and concerning the plaintiff, (6) which caused injury." *Bierman v. Weier*, 826 N.W.2d 436, 443–44 (Iowa 2013).

Nasuti fails to allege sufficient facts to support the first element (publication) of his defamation claim against Johnson-Mekota. He states the legal conclusion that Johnson-Mekota "published or cause[d] to be published to one or more persons" the Committee's letter to him regarding his behavior at a VA facility. ECF No. 3 ¶ 15. However, Nasuti alleges no facts asserting the letter was sent to any third party. *See id.* ¶¶ 14–15. The face of the letter clearly identifies Nasuti as the only addressee. *See* ECF No. 4-2 at 1. Therefore, Count III is dismissed against Johnson-Mekota with prejudice for failure to state a claim upon which relief can be granted.

### 4. Breach of contract against Johnson-Mekota and the VA (Count IV)

Nasuti alleges Johnson-Mekota and the VA breached one or more contracts with him by "refusing [him] treat[ment]" and "refusing to answer [his] questions about his injuries."

---

3 The letter from the Committee to Nasuti was incorporated in Nasuti's amended complaint's allegations. As such, the Court may consider the letter in deciding the VA Defendants' motion to dismiss. *See Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

ECF No. 3 ¶ 18. But "military health care benefits . . . have long been exclusively a creature of statute, not contract." *Schism v. United States*, 316 F.3d 1259, 1276 (Fed. Cir. 2002); *accord Kelly-Leppert v. United States*, No. 21-995C, 2021 WL 2853171, at *4 (Fed. Cl. Jul. 8, 2021) ("This Court has also held that military healthcare services are governed by statute and not by a contract with the government.") (citing *Estate of Smallwood v. United States*, 130 Fed. Cl. 395, 399–400, *aff'd* 717 F. App'x 1007 (Fed. Cir. 2018) (per curiam)).

### a. Johnson-Mekota

Because there is no contractual relationship between Nasuti and Johnson-Mekota, Nasuti fails to state a claim upon which relief can be granted. Accordingly, the Court dismisses Count IV against Johnson-Mekota with prejudice because amendment would be futile.

### b. The VA

There is no contractual relationship between Nasuti and the VA for the reasons stated above. Thus, Nasuti also fails to state a claim against the VA upon which relief can be granted. Accordingly, the Court dismisses Count IV against the VA with prejudice.

### 5. Violations of the Administrative Procedure Act against Johnson-Mekota and the VA (Count VI)

Nasuti alleges violations of the Administrative Procedure Act by Johnson-Mekota and the VA in Count VI. ECF No. 3 ¶¶ 24–29. The Administrative Procedure Act "provides a right to judicial review of all 'final agency action for which there is no other adequate remedy in a court.'" *Bennett v. Spear*, 520 U.S. 154, 175 (1997) (citing 5 U.S.C. § 704). For an agency action to be "final" for purposes of judicial review, two requirements must be met. "First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id.* at 177–78 (internal quotation

marks and citations omitted).

                    a.      Johnson-Mekota

Nasuti alleges the letter he received from the Committee "constituted a final adjudicative agency decision, with no administrative appeals." ECF No. 3 ¶ 25. He is incorrect. The letter did not constitute a "final agency action." *See Bennett*, 520 U.S. at 175. The letter clearly conveyed that no action was being taken against Nasuti. *See* ECF No. 4-2 at 1. At most, the letter warned Nasuti could be subject to future restrictions on the time, place, or manner of his health care. *Id.* Furthermore, the regulation under which Nasuti could have the time, place, or manner of his health care restricted allows a patient to appeal any order authorizing such restrictions. *See* 38 C.F.R. § 17.107. Nasuti pleads no facts sufficient to support a claim that Johnson-Mekota violated the Administrative Procedure Act. The Court dismisses Count VI against Johnson-Mekota with prejudice because amendment would be futile.

                    b.      The VA

As discussed, the Committee's letter did not constitute a final agency action. Nasuti provides no facts to support his claim the VA violated the Administrative Procedure Act. Accordingly, the Court dismisses Count VI against the VA with prejudice because amendment would be futile.

      **6.**      **Civil conspiracy against McDonough and Johnson-Mekota (Count VII)**

Count VII alleges civil conspiracy against McDonough and Johnson-Mekota. Under Iowa law, a conspiracy requires "an agreement . . . between the two persons to commit a wrong against another. The agreement must involve some mutual mental action coupled with an intent to commit the act that causes injury. Speculation, relationship, or association and companionship do not establish a conspiracy." *Ezzone v. Riccardi*, 525 N.W.2d 388, 398 (Iowa 1994) (citing *Am. Sec.*

*Benevolent Ass'n v. Dist. Ct.*, 147 N.W.2d 55, 63 (Iowa 1966) (internal citations omitted)).

### a. McDonough

Nasuti fails to allege with particularity any agreement underlying the alleged conspiracy between McDonough and Johnson-Mekota against him. He provides no facts suggesting either McDonough or Johnson-Mekota was aware of Nasuti—much less that they mutually agreed to harm him. *See generally* ECF No. 3. Nasuti's bare allegations that McDonough and Johnson-Mekota "conspired to orchestrate, permit, authorize, direct, use and/or acquiescence/condone" "a secret VA committee" to injure him is insufficient to state a claim upon which relief may be granted. *Id.* ¶¶ 7, 32. Accordingly, the Court dismisses Count VII against McDonough with prejudice.

### b. Johnson-Mekota

As discussed, a civil conspiracy requires an agreement "between two persons." *Ezzone*, 525 N.W.2d at 398. Because the Court finds Nasuti did not plead sufficient facts to support his civil conspiracy claim against McDonough, it follows he has not stated a claim against Johnson-Mekota. Accordingly, the Court also dismisses Count VII against Johnson-Mekota with prejudice.

### 7. Civil rights violations against McDonough and Johnson-Mekota (Count VIII)

Nasuti alleges McDonough and Johnson-Mekota violated his First and Fifth Amendment rights under 18 U.S.C. § 242 "by permitting, authorizing, convening, and/or condoning the creation of secret courts within the VA." ECF No. 3 ¶ 35. Alleged violations of 18 U.S.C. § 242 cannot be redressed by a private civil action. *Wolf v. Hoene Ridge Subdivision*, No. 4:15CV1140, 2015 WL 8665406, at *2 (W.D. Mo. Dec. 11, 2015), *aff'd* 669 F. App'x 345 (8th Cir. 2016) (dismissing civil cause of action alleging violation of 18 U.S.C. § 242 for failure to state a claim because the statute does not afford a private cause of action).

        a.      McDonough

Nasuti's claim against McDonough for civil rights violations under 18 U.S.C. § 242 cannot be redressed by a private civil action. Accordingly, the Court dismisses Count VIII against McDonough with prejudice.

        b.      Johnson-Mekota

For the reasons stated above, the Court also dismisses Count VIII against Johnson-Mekota with prejudice.

        **8.      Negligent/intentional infliction of emotional distress against Holm, McDonough, and Johnson-Mekota (Count IX)**

Nasuti alleges "negligent/intentional" infliction of emotional distress against Holm, McDonough, and Johnson-Mekota in Count IX. "The general rule in Iowa is emotional distress damages are not recoverable in torts absent intentional conduct by a defendant or some physical injury to the plaintiff." *Miranda v. Said*, 836 N.W.2d 8, 14 (Iowa 2013) (internal quotation marks omitted) (quoting *Clark v. Estate of Rice ex rel. Rice*, 653 N.W.2d 166, 169 (Iowa 2002)). There are, however, two exceptions where Iowa law recognizes negligent infliction of emotional distress claims absent physical injury. The first exception "involves bystander liability based on breach of a duty of care by the defendant not to cause emotional distress to those who witness conduct that causes serious harm to a close relative." *Clark*, 653 N.W.2d at 170. The second exception exists "when the parties assume a relationship that is contractual in nature and deals with services or acts that involve deep emotional responses in the event of a breach," such as a funeral service. *Id.* at 171. Such a duty exists "only where there has been some contractual relationship between the parties." *Id.*

Nasuti does not allege he suffered emotional distress because he witnessed any conduct causing harm to a close relative. And, as discussed, Nasuti has no contractual relationship with

Holm, McDonough, or Johnson-Mekota because military health care benefits are "a creature of statute, not contract." *Schism*, 316 F.3d at 1276. Thus, Nasuti has not pleaded facts sufficient to support a claim for negligent infliction of emotional distress. The Court dismisses this aspect of Count IX against Holm, McDonough, and Johnson-Mekota.

The tort of intentional infliction of emotional distress has four elements under Iowa law: "(1) outrageous conduct by the defendant; (2) the defendant intentionally caused, or recklessly disregarded the probability of causing, the emotional distress; (3) [the] plaintiff suffered severe or extreme emotional distress; and (4) the defendant's outrageous conduct was the actual and proximate cause of the emotional distress." *Fuller v. Local Union No. 106 of United Brotherhood. of Carpenters*, 567 N.W.2d 419, 423 (Iowa 1997).

### a. Holm

Nasuti's only allegations against Holm concern the performance of his colonoscopy. *See* ECF No. 3 ¶ 9; *see also* ECF No. 4-1 at 1–2. Nasuti fails to allege facts sufficient to support the second element of his intentional infliction of emotional distress claim against Holm. As discussed, he does not plead any facts to support the inference Holm intended to cause Nasuti emotional harm when he allowed a "student/trainee" to perform Nasuti's colonoscopy. *See* ECF No. 3 ¶¶ 8–9, 38–39. Nasuti's complaint offers nothing more than a "threadbare recita[tion]" of this element of his claim. *Cf. Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). As such, his complaint fails to state a claim upon which relief can be granted. The Court dismisses Count IX against Holm with prejudice.

### b. McDonough

Nasuti fails to assert any plausible allegations to support the second element of his intentional infliction of emotional distress claims against McDonough. He does not provide any facts to support the inference that McDonough intended to cause him emotional distress

16

or acted with reckless disregard for the probability of causing him emotional distress. *See* ECF No. 3 ¶¶ 38–39. The Court therefore concludes dismissal of Count IX against McDonough is warranted. Count IX is dismissed against McDonough with prejudice.

### c. Johnson-Mekota

Nasuti also fails to assert any plausible allegations to support the second element of his intentional infliction of emotional distress claims against Johnson-Mekota. He provides no facts to support the inference that Johnson-Mekota intended to cause him emotional distress or acted with reckless disregard for the probability of causing him emotional distress. *See* ECF No. 3 ¶¶ 38–39. Count IX is dismissed against Johnson-Mekota with prejudice.

## V. CONCLUSION

The Court grants the VA Defendants' Motion to Dismiss. The Court dismisses Nasuti's claims against Holm in Count IX with prejudice and Counts I and X without prejudice. The Court dismisses Nasuti's claims against Johnson-Mekota in Counts II, III, IV, VI, VII, VIII, and IX with prejudice and Count X without prejudice. The Court dismisses Nasuti's claims against McDonough in Counts VII, VIII, and IX with prejudice and Count X without prejudice. The Court dismisses Nasuti's claims against the Department of Veterans Affairs in Counts IV and VI with prejudice and Counts I, II, III, IX, and X without prejudice. The Court dismisses Nasuti's claims against Medical Associates in Count V and X without prejudice. The Court dismisses Nasuti's claims against Does 1–30 in Counts II, III, IV, VI, VII, VIII, IX, and X without prejudice.

Because the Court dismisses all counts against Defendants, the Court denies Nastuti's pending motions—ECF Nos. 8, 13, 21, 24, and 39. Having considered Nasuti's motion for leave to proceed in forma pauperis, ECF No. 32, the Court finds Nasuti is without resources to proceed and therefore grants his motion. The VA Defendants' pending motion to substitute itself as a party for Defendant Holm, ECF No. 6, is denied as moot.

**IT IS ORDERED** that Defendants the United States Department of Veterans Affairs, Denis Richard McDonough, Judith Johnson-Mekota, and Adrian Holm's Motion to Dismiss, ECF No. 27, is **GRANTED.**

**IT IS FURTHER ORDERED** that the VA Defendants' Motion for Substitution, ECF No. 6, is **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff Matt Nasuti's Motion for In Camera Review, ECF No. 8, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff Matt Nasuti's Motion for Limited Early Discovery, ECF No. 13, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Matt Nasuti's Motion for Sanctions, ECF No. 21, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Matt Nasuti's Motion for Default Judgment, ECF No. 24, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff Matt Nasuti's Motion for Leave to Proceed in Forma Pauperis, ECF No. 32, is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff Matt Nasuti's Motion for a Criminal Contempt Hearing, ECF No. 39, is **DENIED.**

The case is dismissed. The Clerk of Court is directed to enter judgment in favor of Defendants Adrian Holm, Judith Johnson-Mekota, Denis Richard McDonough, the United States Department of Veterans Affairs, Medical Associates Clinic, P.C., and Does 1–30 and against Plaintiff Matt Nasuti.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2022.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE